**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00234-KDB**

| | |
|---|---|
| **BARRON LAMAR ODOM AND BEVERLY ANN ODOM,**<br><br>**Appellants,**<br><br>**v.**<br><br>**BANK OF AMERICA, N.A., ET AL.,**<br><br>**Appellees.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on a pro se consolidated appeal by Barron and Beverly Odom (the "Odoms") from orders of the Bankruptcy Court for the Western District of North Carolina "Dismissing Adversary Complaint" ("Dismissal Order") and denying a Motion to Alter or Amend Judgment and for Reconsideration ("Reconsideration Order") (Doc. No. 16). The Court has carefully considered this appeal, the Parties' briefs and the relevant portions of the Bankruptcy record.[1] For the reasons discussed below, the Court will **DENY** the appeal and **AFFIRM** the orders of the Bankruptcy Court.

## I. JURISDICTION AND LEGAL STANDARD

The Bankruptcy Court had jurisdiction over the dismissed adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. On June 23, 2026, Appellants filed a Consolidated Amended Notice

[1] No formal Record on Appeal was designated or transmitted in this proceeding, notwithstanding the Court's May 28, 2026, Order. Under Federal Rule of Bankruptcy Procedure 8009(a)(5), the Bankruptcy Court docket entries, filed documents, and orders for Adversary Proceeding No. 25-03124 therefore constitute the record on appeal. The Bankr. Doc. No. cites below are to that proceeding.

of Appeal, appealing from both the Dismissal Order and the Reconsideration Order. (Doc. No. 16). This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a), which grants jurisdiction to the district courts over appeals from final judgments, orders, and decrees of bankruptcy courts.

The standard of review by this Court of the Dismissal Order is *de novo*. *See In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *In re Dornier Aviation (N. America), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). The standard of review of the Reconsideration Order is for abuse of discretion by the Bankruptcy Court. *See United States ex rel v. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006).

Rule 12(b)(6) of the Federal Rules of Civil Procedure is applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, a court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins.*

*Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, pro se complaints are viewed liberally and held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. FACTS AND PROCEDURAL HISTORY

In 2017, the Odoms granted Bank of America, N.A. ("BANA") a Deed of Trust securing a $154,620 note on real property in Charlotte, North Carolina (the "Property"). The Deed of Trust was recorded in the Mecklenburg County Registry and named Appellee Trustee Services of Carolina, LLC ("Trustee Services") as trustee. After the Odoms failed to make timely payments and defaulted on the loan, Trustee Services, by and through its counsel Appellee Brock & Scott, PLLC ("Brock & Scott"), commenced a Chapter 45 non-judicial foreclosure special proceeding in May 2024 (Mecklenburg County Special Proceeding No. 24SP001377-590). Bankr. Doc. No. 27 ¶ 3 (taking judicial notice of the Chapter 45 proceedings and recorded documents). In October 2024, the Mecklenburg County Clerk of Superior Court held a hearing and entered an Order to

Allow Foreclosure Sale, finding that BANA held a valid debt in default and that Appellants had "shown no valid legal reason why foreclosure should not commence." Bankr. Doc. No. 10-7.

The Odoms appealed the Clerk's Order for a *de novo* hearing before a Superior Court judge but failed to post the required appeal bond. On May 2, 2025, Superior Court Judge Troy J. Stafford entered an Order authorizing the foreclosure sale to proceed and independently found that "no party has shown any valid legal reason why foreclosure should not commence." Bankr. Doc. No. 10-9. The Odoms did not appeal, so that Order became a final, unappealable judgment. *Id*. BANA purchased the Property at the foreclosure sale on May 15, 2025. No upset bids were filed within the statutory ten-day period, and the Trustee's Deed to BANA was recorded on June 12, 2025, in the Mecklenburg County Registry. *Id*.

Appellants filed for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Western District of North Carolina (Case No. 25-31101) on September 19, 2025, and commenced an adversary proceeding (Adv. Proc. No. 25-03124) on October 16, 2025. On March 3, 2026, the Bankruptcy Court entered the Dismissal Order, concluding that the Complaint and Amended Complaint were deficient under Federal Rule of Civil Procedure 8(a)(2), that Appellants possessed no legal or equitable interest in the Property, and that all claims were barred by the *Rooker-Feldman* doctrine, *res judicata*, and/or collateral estoppel. Bankr. Doc. No. 27. This appeal followed on March 24, 2026. The Bankruptcy Court subsequently denied the Reconsideration Order on June 8, 2026, Bankr. Doc. No. 77, which the Odoms also appealed. Doc. No. 16. The consolidated appeal has been fully briefed and is ripe for the Court's ruling.

## III. DISCUSSION

Like the Bankruptcy Court, this Court will not belabor its analysis of the Odoms' claims against the completed, state court approved foreclosure of the Property. In the Adversary

Proceeding, the Odoms challenged the "purported Deed of Trust and related foreclosure filings," which they alleged were "void, unauthorized, and/or unenforceable." Bankr. Doc. No. 21 at 2. They further asserted that the Trustee and its counsel misrepresented the authority to foreclose and sought declaratory relief regarding, inter alia, "whether Defendants possessed lawful authority to foreclose, whether the recorded instruments are valid."

As the Bankruptcy Court found, these "barebone pleadings" lack sufficient factual support. Statutory citations, legal theories, and rhetorical arguments cannot travel alone to state a valid claim. Instead, legal rights follow only from the application of facts to laws and legal principles. In the absence of factual allegations that plausibly establish a legal violation, the Bankruptcy Court's conclusion that the Odoms' filings failed to meet the pleading standards of the Federal Rules of Civil Procedure is entirely correct. Simply declaring that a lawful and fully executed foreclosure is "disputed" does not create a plausible claim for relief. *See Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555) ("[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not sufficient).

Also, all of the Odoms' claims were necessarily and properly decided in the North Carolina state court foreclosure, in which the Odoms actively participated. Accordingly, the Bankruptcy Court correctly concluded that the Odoms' claims are barred and/or precluded as a matter of law by the *Rooker-Feldman* doctrine, *res judicata* and/or collateral estoppel. *See* Bankr. Doc. No. 27. Specifically, the state court found that BANA held a valid debt, that the Odoms were in default, and that "no party has shown any valid legal reason why foreclosure should not commence." The Odoms have had a full and fair opportunity to challenge the completed foreclosure, which must bring their complaints to an end. *See Gray v. Federal Nat'l Mortgage Assoc.*, 264 N.C. App. 642, 648 (2019) ("[W]ithout the applicability of res judicata or collateral estoppel in such

circumstances, a lender would potentially be forced to relitigate basic issues relating to the validity of the foreclosure that had already been decided in its favor."); *Douglas v. Pennamco, Inc*., 75 N.C. App. 644, 646 (1985) (dismissing claims as "a collateral attack on a foreclosure proceeding and judgment, which the law does not permit").

Finally with respect to the Dismissal Order, and contrary to the Odoms' contentions, the Court is not being asked to hold and does not hold that all claims arising out of or related to a defaulted loan are necessarily precluded by a subsequent successful foreclosure action. Rather, the Court finds that Appellants have not pled—despite having several opportunities to do so—sufficient facts that plausibly establish any claim and avoid the preclusion principles correctly cited by the Bankruptcy Court. Therefore, the appeal of the Dismissal Order will be denied and the order affirmed.

Similarly, the Court will affirm the Reconsideration Order. A motion for reconsideration under Rule 59(e), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, may be granted only in three circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at the time of the original ruling, or (3) to correct a clear error of law or prevent manifest injustice. *See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion may not be used to relitigate old matters, to raise arguments that could have been raised before judgment, or to ask a court to rethink what it has already thought is correct. *Id*.

Appellants challenge the Reconsideration Order only on the grounds of "clear legal error and manifest injustice." Bankr. Doc. No. 29. As discussed above, the Bankruptcy Court's ruling is not erroneous or unjust, and certainly not "clearly" or "manifestly" so. Further, the Bankruptcy Court did not abuse its discretion in denying the Odoms' request to seek to amend (again) their

Adversary Complaint. For the reasons stated above, the Bankruptcy Court was well within its discretion to deny another amendment as futile, particularly in the absence of proposed additional facts in support of the Odoms' putative claims.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Appellants' consolidated appeal (Doc. No. 16) is **DENIED**;
2. The Bankruptcy Court's Dismissal Order and Reconsideration Order are **AFFIRMED**; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 9, 2026

Kenneth D. Bell
United States District Judge